**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| MOV-OLOGY LLC, | |
| *Plaintiff*, | Case No. 6:22-cv-00084-ADA |
| v. | PATENT CASE |
| BIGCOMMERCE HOLDINGS, INC., BIGCOMMERCE PTY. LTD., and BIG COMMERCE, INC. | JURY TRIAL DEMANDED |
| *Defendants*. | |

**<u>DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>**

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................. 1

     A.    The Asserted Patents................................................................................ 1

     B.    MOV-ology's Allegations ....................................................................... 2

III.    ARGUMENT AND AUTHORITY ....................................................................... 3

     A.    MOV-ology's Complaint Fails to Plausibly State a Claim to Relief...................... 3

          1.    All of MOV-ology's allegations are speculative and conclusory.............. 3

          2.    MOV-ology's complaint fails to plead direct infringement of the asserted method claim................................................................................. 5

     B.    MOV-ology's Vague Allegations Fail to Give Defendants the Requisite Notice.. 7

IV.    CONCLUSION.................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
　797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ..................................................................5, 6, 7

*Arigna Technology Limited, Plaintiff, v. Volkswagen AG et al., Defendants.*,
　2021 WL 3373752 (E.D.Tex.) ................................................................................................8

*Ashcroft v. Iqbal*,
　556 U.S. 662, 129 S. Ct. 1937 (2009).............................................................................4, 10

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007)........................................................................................................8, 10

*Cuvillier v. Sullivan*,
　503 F.3d 397 (5th Cir. 2007) ..................................................................................................3

*Lyda v. CBS Corp.*,
　838 F.3d 1331 (Fed. Cir. 2016)..........................................................................................6, 7

*Merisier v. Johnson Cty.*,
　Texas, No. 3:19-CV-2911-X-BN, 2021 WL 681443 (N.D. Tex. Jan. 14, 2021) .....................5

*Oil-Dri Corp. v. Nestle Purina Petcare Co.*,
　No. 15-cv-1067, 2017 U.S. Dist. LEXIS 48358 (N.D. Ill. Mar. 31, 2017) ...........................10

*Renhcol Inc. v. Don Best Sports*,
　548 F. Supp. 2d 356 (E.D. Tex. 2008)....................................................................................5

*Rios v. City of Del Rio*,
　444 F.3d 417 (5th Cir.2006) ..................................................................................................3

*Scripps Research Inst. v. Illumina, Inc.*,
　No. 16-cv-661 JLS (BGS), 2016 U.S. Dist. LEXIS 161279 (S.D. Cal. Nov. 21, 2016) .........10

*Ware v. Circuit City Stores, Inc.*,
　No. 4:05-CV-0156-RLV, 2010 U.S. Dist. LEXIS 25674 (N.D. Ga. Jan. 5, 2010) .............8, 10

*Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*,
　No. 16-cv-60695-GAYLES, 2016 U.S. Dist. LEXIS 128032 (S.D. Fla. Sept. 20, 2016).......10

*Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*,
　No. 15-1720, 2017 U.S. Dist. LEXIS 19815 (E.D. La. Feb. 13, 2017)..................................10

**Statutes**

35 U.S.C. § 271(a) .................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 3

Fed. R. Civ. P. 8 .................................................................................................11

## I.      INTRODUCTION

Defendants BigCommerce Holdings, Inc., BigCommerce Pty. Ltd., and BigCommerce, Inc., (collectively "Defendants" or "Big Commerce") respectfully move to dismiss the complaint filed by Plaintiff MOV-ology, LLC, ("MOV-ology") pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim.

MOV-ology's complaint should be dismissed for failure state a claim because it fails to allege direct infringement and fails to identify an allegedly infringing product or service. Instead, MOV-ology's complaint simply points to disparate webpages and then concludes, wrongly, that Defendants provide a product or service that infringes U.S. Patent Nos. 9,286,282 (the "'282 patent") and 10,769,358 (the "'358 patent") (collectively, the "Asserted Patents"). MOV-ology's vague and conclusory infringement allegations fail to put Defendants on notice of what infringing conduct is at issue in this lawsuit, and should therefore be dismissed.

## II.     FACTUAL BACKGROUND

### A.      The Asserted Patents

On January 21, 2022, MOV-ology filed a Complaint for Patent Infringement alleging infringement of the Asserted Patents. *See* Dkt. 1 ("Complaint"). As summarized in the table below, the Asserted Patents are part of the same patent family and generally relate to systems and methods for obtaining data from abandoned or incomplete electronic forms.

|  | '282 Patent | '358 Patent |
|---|---|---|
| Title | Obtaining Data from Abandoned Electronic Forms | Obtaining Data from Incomplete Electronic Forms |
| Inventors | Thomas Ling and Peter Norton | Thomas Ling and Peter Norton |
| Filing Date | June 18, 2014 | July 9, 2018 |
| Priority Date | November 25, 2013 | November 25, 2013 |
| Asserted Claims | 1, 9 | 1, 9, 17 |
| Example Claim | 9. An **apparatus** to obtain data from abandoned electronic forms, the apparatus comprising:<br><br>  computer hardware configured to    determine that an electronic form | 17. A **method** to obtain data from incomplete electronic forms, the method comprising:<br><br>assessing an incomplete electronic form    comprising at least one hypertext markup    language (HTML) element and user-entered text |

1

| | |
|---|---|
| accessed by a user has been abandoned by the user, the electronic form having embedded computer-executable instructions and one or more fields configured to accept user-entered text, the electronic form comprising at least one hypertext markup language (HTML) element associated with the one or more fields, the at least one HTML element having at least one attribute;<br><br>computer hardware configured to obtain data from the abandoned electronic form with the embedded computer-executable instructions by building a data structure based on the abandoned electronic form and parse the data structure to obtain the at least one HTML element; and<br><br>computer hardware configured to store one or more of the at least one HTML element, the at least one attribute, and the user-entered text. | entered by a user;<br><br>obtaining a protocol of at least one webpage associated with the incomplete electronic form;<br><br>writing a script tag associated with a script file to the at least one webpage according to the protocol, the script tag configured to place the script file onto the at least one webpage, the script file configured to locate the at least one HTML element;<br><br>building a data structure based on the incomplete electronic form that comprises at least the user-entered text;<br><br>communicating with one or more databases to obtain additional information about the user based at least in part on the user-entered text obtained from the incomplete electronic form;<br><br>storing contact profile information that comprises a least a portion of the user-entered text obtained from the incomplete electronic form and at least a portion of the additional information about the user obtained from the one or more databases; and<br><br>sending to the user, a personalized message based at least in part on the at least one HTML element and the contact profile information. |

## B.    MOV-ology's Allegations

MOV-ology's complaint identifies no infringing product or service. Rather, it relies on a variety of webpages and assumptions to *speculate* that Defendants are capable of developing an infringing product or service.

To illustrate, MOV-ology's Complaint initially appears to allege that the accused product or service is Defendants' "Conversion Rate Optimization and Form Analytics functionality."

> 32.    BigCommerce's products and services that infringe the '282 patent include, for example, its "Conversion Rate Optimization" and "Form Analytics" functionality, as well as applications, software, and services that operate in substantially the same manner on BigCommerce's platform alone or combined with one another. *See, e.g.,* https://www.bigcommerce.com/ecommerce-answers/what-are-form-analytics/.

> 49.    BigCommerce's products and services that infringe the '358 patent include, for
> example, its "Conversion Rate Optimization" and "Form Analytics" functionality, its marketing
> and retargeting features and functionality that includes features added by approved apps and
> integrations, as well as applications, software, and services that operate in substantially the same
> manner on BigCommerce's platform. *See, e.g.,* https://www.bigcommerce.com/ecommerce-
> answers/what-are-form-analytics/; *see also* https://www.bigcommerce.com/apps.

Complaint at ¶¶ 32, 49. In the paragraphs that follow, however, MOV-ology's complaint steps

through the claim elements of claim 9 of the '282 Patent (*id.* at ¶¶ 34-41) and claim 17 of the '358

Patent (*id.* at ¶¶ 51-61), citing to unrelated websites and functionality, and in many cases, simply

pleading on information and belief. The tables provided at Exhibit 1 reproduce MOV-ology's

allegations on a claim-element-by-claim-element basis as to claim 9 of the '282 Patent and claim

17 of the '358 Patent, respectively. Ultimately, no particular product or service is accused, and no

facts supporting direct infringement are alleged.

## III.    ARGUMENT AND AUTHORITY

### A.    MOV-ology's Complaint Fails to Plausibly State a Claim to Relief

#### 1.    All of MOV-ology's allegations are speculative and conclusory

To survive a Rule 12(b)(6) motion, a complaint must provide the plaintiff's grounds for

entitlement to relief "including factual allegations that when assumed to be true raise a right to

relief ***above the speculative level***." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added)). A motion to dismiss

brought under Rule 12(b)(6) should be granted if facts sufficient to sustain the complaint are not

provided. *See Cuvillier*, 503 F.3d at 401. Moreover, a court need not defer to "legal conclusions

***masquerading as factual conclusions***" in a complaint when deciding a motion to dismiss; only

factual allegations are entitled to such deference. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th

Cir.2006) (emphasis added); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951 (2009) ("[T]he allegations are conclusory and not entitled to be assumed true.").

MOV-ology's Complaint fails these threshold requirements for stating a claim to relief because it does nothing more than *speculate*, relying solely on legal conclusions *masquerading as factual conclusions*. MOV-ology's complaint is riddled with indications that it does not know how Defendants' products and services operate, and does not know whether or not it infringes the Asserted Patents, but intends to use the compulsory legal process to supplement its pleading deficiencies.

The primary indication is that the Complaint fails to identify an allegedly infringing product or service with particularity. Instead, it relies heavily on the "What are Form Analytics" webpage—an informational webpage describing form analytics generally—to speculate that infringing functionality exists somewhere in Defendants' repertoire. *See* Complaint at ¶¶ 32, 36, 40, 49, 52. In particular, and as illustrated in Exhibit 1, MOV-ology's complaint relies on the informational "What are Form Analytics" webpage for three out of the '282 Patent's six claim elements, and for one of the '358 Patent's eight claim elements. *See* Exhibit 1. Additionally, six of the '358 Patent's eight claim elements are pled "on information and belief" with no reference to a product or service at all. *Id.* MOV-ology's allegations can thus be distilled as follows.

- With respect to the '282 Patent's *apparatus* claim 9, MOV-ology pleads facts showing that Defendants offer a web hosting platform (9[pre]) and a form building service (9[b] and 9[c]), but then speculatively concludes that Defendants therefore provide products that obtain data from those forms in the manner described in the patent claim (9[a], 9[d], and 9[e]). *Id.*

- With respect to the '358 Patent's *method* claim 17, MOV-ology knows even less. It pleads facts showing that Defendants offer a web hosting platform (17[pre]) and a form building service (half of 17[a]), but then speculatively concludes that the remaining steps of the claimed method are performed (remaining half of 17[a] as well as 17[b], 17[c], 17[d], 17[e], 17[f], and 17[g]).

4

Notably, MOV-ology's complaint **does not** cite to the portions of Defendants' website describing its products and services.[1] *See generally* Complaint.

The Court must take these admissions and omissions into account when judging the plausibility of MOV-ology's allegations. While plausibility is measured from the face of the complaint, admissions in attachments may undercut Plaintiff's allegations, and courts may not ignore attachments that undermine the plausibility of the complaint. *See Merisier v. Johnson Cty.*, Texas, No. 3:19-CV-2911-X-BN, 2021 WL 681443, at *11 (N.D. Tex. Jan. 14, 2021), report and recommendation adopted, No. 3:19-CV-2911-X-BN, 2021 WL 674123 (N.D. Tex. Feb. 22, 2021) ("[W]hen exhibits attached to a complaint contradict the general and conclusory allegations of the pleading, the exhibits govern.") (citations omitted). Here, rather than providing specifics about **how** Defendants have infringed on the Asserted Patents or **which** product or service accomplishes the infringement, MOV-ology merely recites the elements of the Asserted Patents, references excerpts from non-product webpages or "on information and belief," and then concludes Defendants provide products and services that embody those claim elements.

Because MOV-ology's complaint and attached exhibits (*i.e.*, the cited websites) confirm that Plaintiff lacks basic knowledge of how Defendants' products and services operate—or whether any infringement has taken place—the complaint does not state a claim that is plausible on its face.

### 2.   MOV-ology's complaint fails to plead direct infringement of the asserted method claim

MOV-ology's allegations as to method claim 17 of the '358 Patent are especially deficient. Direct infringement of a method claim under 35 U.S.C. § 271(a) "occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v.*

---

[1] *See* https://www.bigcommerce.com/product/; https://www.bigcommerce.com/services/.

*Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*); *see, also, Renhcol Inc. v. Don Best Sports*, 548 F. Supp. 2d 356, 360 n.3 (E.D. Tex. 2008) (explaining that the "'[T]he concept of "use" of a patented method or process is fundamentally different from the use of a patented system or device.'"). Where more than one entity is involved in performing the steps of a claimed method, the Federal Circuit, sitting *en banc,* explained that an entity may be held responsible for others' performance of method steps in two sets of circumstances: "(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Akamai*, 797 F.3d at 1022. Therefore, a claim of joint infringement "requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai*, 797 F.3d at 1022).

MOV-ology's complaint acknowledges that Defendants do not perform each and every step of the claimed method. *See* Complaint at ¶¶ 52-61; Exhibit 1. In fact, MOV-ology alleges that Defendants' "integrated application partners"—which it does not define or describe—perform most if not all steps of claim 17 but for the preamble. *Id.* MOV-ology's complaint then simply concludes that Defendants form a joint enterprise with "its platform partners and app developers," which are presumably the same "integrated application partners" referred to earlier in the complaint.

> 63.     At least as early as BigCommerce's knowledge of the '358 patent, BigCommerce
> indirectly infringes the '358 patent in the United States by inducement under 35 U.S.C. § 271(c).
> BigCommerce knowingly and intentionally induces infringement of the '358 patent by intending
> others to make, use, offer for sale, or sell in the United States products or services covered by the
>
> 23
>
> Case 6:22-cv-00084   Document 1   Filed 01/21/22   Page 24 of 25
>
> '358 patent. BigCommerce provides these products or services and provides instructions on their
> use to others, such as platform partners, app developers, customers, and end customers, who
> provision for use, offer for sale, or sell in the United States products or services that directly
> infringe at least claim 17 of the '358 patent. BigCommerce also forms a joint enterprise, which it
> controls, with its platform partners and app developers who offer products and services on
> BigCommerce's platform that infringe the '358 patent.

Complaint at ¶ 63.

To the extent that MOV-ology's Complaint implicates joint infringement, it fails to plead the necessary factual predicate. Although joint infringement of a method claim must typically be performed by a single entity, a narrow exception to the general rule exists when an accused entity "directs or controls" or "forms a joint enterprise" such that performance of every step is attributable to that entity. *Akamai*, 797 F.3d at 1022; *see also Lyda*, 883 F.3d at 1339. But MOV-ology's Complaint does not attempt to plead a joint enterprise theory as it nowhere mentions that concept other than to conclude that a joint enterprise exists in paragraph 63. None of the four requisite elements of a joint enterprise listed above are met or even mentioned. Therefore, MOV-ology's direct infringement allegations as to claim 17 of the '358 Patent must be dismissed.

### B.     MOV-ology's Vague Allegations Fail to Give Defendants the Requisite Notice

While there is no heightened pleading standard for patent claims, a complaint must at the very least "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests. . . [beyond] labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964; *see also Ware v. Circuit City Stores, Inc.*, No. 4:05-CV-0156-RLV, 2010 U.S. Dist. LEXIS 25674, at *6 (N.D. Ga. Jan. 5, 2010) ("While the court is cognizant that a heightened pleading standard is not required in patent infringement cases, plaintiffs in such cases should at the very least put defendants on notice of what the defendants have done to infringe the patent in question."). MOV-ology has failed to do so here.

"A plaintiff exceeds its plausibility burden by identifying (1) the asserted patent and claim; (2) the technology covered by the patent; (3) the infringing activity; (4) the accused product; and (5) how the accused product infringes." *Arigna Technology Limited, Plaintiff, v. Volkswagen AG et al., Defendants.*, 2021 WL 3373752 (E.D.Tex.) citing O*pticurrent, LLC v. Power Integrations, Inc.,* 2016 WL 9275395, at *4 (E.D. Tex. Oct. 19, 2016). MOV-ology's complaint should be dismissed because it fails to set forth plausible allegations with regard to at least three of five categories above: the infringing activity, the accused product, how the accused product infringes.

***First***, MOV-ology's complaint never identifies an accused product or service. While the complaint ostensibly accuses Defendants' "Conversion Rate Optimization and Form Analytics functionality," these are not, in fact, products or services.

> 32.   BigCommerce's products and services that infringe the '282 patent include, for example, its "Conversion Rate Optimization" and "Form Analytics" functionality, as well as applications, software, and services that operate in substantially the same manner on BigCommerce's platform alone or combined with one another. *See, e.g.*, https://www.bigcommerce.com/ecommerce-answers/what-are-form-analytics/.

> 49.    BigCommerce's products and services that infringe the '358 patent include, for example, its "Conversion Rate Optimization" and "Form Analytics" functionality, its marketing and retargeting features and functionality that includes features added by approved apps and integrations, as well as applications, software, and services that operate in substantially the same manner on BigCommerce's platform. *See, e.g.*, https://www.bigcommerce.com/ecommerce-answers/what-are-form-analytics/; *see also* https://www.bigcommerce.com/apps.

Complaint at ¶¶ 32, 49.[2] Rather, they are descriptive terms derived from an informational "What are Form Analytics" webpage that do not reference Defendants' products or services, which are listed elsewhere on Defendants' website.[3] The same is true for MOV-ology's later references to "abandonment reports and session recordings"—these too are descriptive terms from the same informational "What are Form Analytics" webpage.

> 36.    On information and belief and as an example, BigCommerce's computer hardware is configured to determine that an electronic form accessed by a user has been abandoned by a user, as shown in "abandonment reports" and "session recordings" that track a visitor's progress through a web form, including abandonment. To illustrate:

> 52.    On information and belief and as an example, BigCommerce supplies or hosts software that assesses an incomplete electronic form comprising at least one hypertext markup language (HTML) element and user-entered text entered by a user. BigCommerce's data analytics include "abandonment reports" and "session recordings" that track visitors' progress through a web form and identify incompletions. BigCommerce webpages contain HTML content supplied by BigCommerce or its integrated application partners that monitors a user's activity on a webpage and monitors events, including clicks and idle time. BigCommerce's integrated application partners also supply functionality that places listeners on webpages and retrieves data about a user's visit every time the user moves a cursor or clicks on a page element. To illustrate:

*Id.* at ¶¶ 36, 52.[4]

---

[2] Citing https://www.bigcommerce.com/ecommerce-answers/what-are-form-analytics/.

[3] *See* https://www.bigcommerce.com/product/; https://www.bigcommerce.com/services/.

[4] Moreover, MOV-ology's complaint lists these functionalities as satisfying claim elements rather than constituting accused products or services. *See also* Exhibit 1.

**Second**, even assuming *arguendo* MOV-ology is not required to accuse a product or service with particularity, MOV-ology's complaint fails to identify the infringing activity or how it allegedly takes place.[5] Instead, it simply assumes that Defendants infringe based upon the circumstantial evidence scattered throughout Defendants' website that MOV-ology has marshalled.

MOV-ology's allegations are summarized in Exhibit 1. As shown in Exhibit 1, MOV-ology's complaint steps through the claim elements of representative claim 9 of the '282 Patent (Complaint at ¶¶ 34-41) and claim 17 of the '358 Patent (*id.* at ¶¶ 51-61), picking and choosing from seemingly random websites—or filling the gaps with conclusory allegations "on information and belief"—to suggest that Defendants' provide a product or service that allegedly infringes. However these allegations are interpreted, it is not enough to put Defendants on notice of what they are doing to infringe and certainly falls far short of the pleading standard of *Twombly*, *Iqbal* and their progeny. *See, e.g., Ware*, 2010 U.S. Dist. LEXIS 25674, at *6–8 ("While the plaintiffs might know what they are referring to when they use the term 'apparatuses,' the amended

---

[5] *See, e.g., Oil-Dri Corp. v. Nestle Purina Petcare Co*., No. 15-cv-1067, 2017 U.S. Dist. LEXIS 48358, at *8 (N.D. Ill. Mar. 31, 2017) ("Courts applying the *Twombly-Iqbal* standard to patent infringement claims have required plaintiffs to set forth sufficient facts to plausibly allege that the **accused product** embodies **every limitation** in a particular asserted claim.") (emphasis added); *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc*., No. 15-1720, 2017 U.S. Dist. LEXIS 19815, at *12 (E.D. La. Feb. 13, 2017) ("*Twombly* and *Iqbal* require plaintiffs to allege facts showing that an **accused product** contains **each and every limitation or element** of at least one patented claim.") (emphasis added); *Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*, No. 16-cv-60695-GAYLES, 2016 U.S. Dist. LEXIS 128032, at *7 (S.D. Fla. Sept. 20, 2016) (holding Plaintiff was "required to put forth facts that, at the very least allow the Court to make a reasonable inference that the Defendants have infringed on" each asserted claim); *Scripps Research Inst. v. Illumina, Inc*., No. 16-cv-661 JLS (BGS), 2016 U.S. Dist. LEXIS 161279, at *13 n.3 (S.D. Cal. Nov. 21, 2016) ("[W]hile under *Twombly* a patentee need only plausibly allege direct infringement of one asserted claim for its complaint to survive a motion to dismiss, a patentee must plausibly allege direct infringement as to all asserted claims in its complaint in order for those asserted claims to likewise survive a motion to dismiss.").

complaint does not provide the minimal factual pleading to put the defendants on notice of the claims against them, which is what is required by Rule 8.").

In short, Defendants are unaware of what products or services are actually at issue in this case, what the scope of the alleged "integration application partners" is, and what those partners are allegedly doing that has given rise to allegations of infringement. These vagaries mean MOV-ology has failed to put Defendants on notice of the grounds for the claims against it. MOV-ology's case should therefore be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss this facially inadequate complaint for failure to state a claim.


Dated: March 31, 2022                            FISH & RICHARDSON P.C.


                                                 By: *Michael R. Ellis*
                                                     Neil J. McNabnay
                                                     njm@fr.com
                                                     Texas Bar No. 24002583
                                                     Lance Wyatt
                                                     wyatt@fr.com
                                                     Texas Bar No. 24093397
                                                     Michael R. Ellis
                                                     ellis@fr.com
                                                     Texas Bar No. 24102726
                                                     FISH & RICHARDSON
                                                     1717 Main Street, Suite 5000
                                                     Dallas, TX 75201
                                                     (214) 747-5070 (Telephone)
                                                     (214) 747-2091 (Facsimile)

                                                 *Attorneys for Defendants*
                                                 *BigCommerce Holdings, Inc.,*
                                                 *BigCommerce Pty. Ltd., and*
                                                 *BigCommerce, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 31, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


*/s/ Michael R. Ellis*
Michael R. Ellis

10