UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOV-ology LLC,<br><br>　　　　　　Plaintiff,<br>v.<br><br>BigCommerce Holdings, Inc.,<br>BigCommerce Pty. Ltd., and<br>BigCommerce, Inc.,<br><br>　　　　　　Defendants. | Civil Action No. 6:22-cv-00084-ADA<br><br>**Jury Trial Demanded** |

**MOV-OLOGY'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... III

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................ 2

    A. MOV-ology Developed Groundbreaking Computer Technology ..................... 2

    B. MOV-ology's Complaint Identified Infringing BigCommerce Functionality. 2

    C. BigCommerce Sought And Received Clarity About The Complaint ............... 3

    D. MOV-ology Serves Detailed Preliminary Infringement Contentions .............. 3

III. LEGAL STANDARD ....................................................................................................... 4

IV. ARGUMENT ..................................................................................................................... 4

    A. The Complaint's Element-By-Element Factual Allegations Supply Ample Notice Of The Accused Product And Its Infringing Functionality ...... 5

    B. MOV-ology Properly Alleges Direct Infringement Of The 358 Patent ........... 9

    C. Leave To Amend Would Be More Appropriate Relief Than Dismissal ........ 10

V. CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Barbarene-Rovira v. Kuiper Dairy*,
   No. 6-20-cv-00250-ADA,
   2020 U.S. Dist. LEXIS 256793 (W.D. Tex. Aug. 6, 2020) ...................................................... 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................. 4

*Centillion Data Sys., LLC v. Qwest Communs. Int'l*,
   631 F.3d 1279 (Fed. Cir. 2011) ................................................................................................ 9

*Clear with Computs., LLC v. Hyundai Motor Am., Inc.*,
   No. 6:09 CV 479,
   2011 U.S. Dist. LEXIS 65315 (E.D. Tex. June 14, 2011) ...................................................... 10

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ............................................................................................ 4, 5

*Frac Shack Inc. v. Afd Petroleum Tex.*,
   No. 7:19-cv-00026-DC,
   2019 U.S. Dist. LEXIS 141118 (W.D. Tex. June 13, 2019) ................................................. 1, 8

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) .................................................................................................... 7

*Lovick v. Ritemoney, Ltd.*,
   378 F.3d 433 (5th Cir. 2004) .................................................................................................... 7

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ............................................................................................ 4, 5

*NTP, Inc. v. Research in Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005) ................................................................................................ 9

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974) ................................................................................................................. 7

*Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*,
   422 F. Supp. 3d 1191 (W.D. Tex. 2019) .................................................................................. 4

I.  **INTRODUCTION**

Plaintiff MOV-ology LLC opposes Defendants BigCommerce Holdings, Inc., BigCommerce Pty. Ltd., and BigCommerce, Inc. ("BigCommerce")'s motion to dismiss. MOV-ology's Complaint provides BigCommerce, the Court, and the public with sufficient notice of the nature and scope of BigCommerce's infringing activities. BigCommerce's scattered complaints about MOV-ology's infringement allegations overlook key averments in the Complaint and their context, misread the complaint, and improperly try to litigate the merits of this case at the pleadings stage. MOV-ology's Complaint more than satisfies the permissive pleading requirements of Fed. R. Civ. P. 8 in patent infringement cases.

BigCommerce's argument centers on the nonsensical idea that MOV-ology has failed to accuse a particular product. The idea is nonsensical because BigCommerce has but one product: its "BigCommerce platform." *See generally* https://www.bigcommerce.com/product/. Instead of what BigCommerce apparently demands—identify the platform as the infringing product—MOV-ology's complaint goes further to identify discrete infringing features of that broad platform. The complaint explains how BigCommerce's platform infringes using BigCommerce's own explanation of how its features operate. *See, e.g.*, *Frac Shack Inc. v. Afd Petroleum Tex.*, No. 7:19-cv-00026-DC, 2019 WL 3818048 (W.D. Tex. June 13, 2019) (denying motion to dismiss because the pleadings detailed what activity was accused of infringement). BigCommerce's motion should be denied and MOV-ology should not be penalized for supplying more detail than it needed to under the law cited in BigCommerce's motion. If the Court should still find any part of the complaint deficient, MOV-ology requests leave to amend the complaint so it can incorporate its preliminary infringement contentions, served today on BigCommerce.

**II.     STATEMENT OF FACTS**

    **A.     MOV-ology Developed Groundbreaking Computer Technology**

Founded in 2011 as MOV Digital Media, Inc. and still run today by the inventors of the asserted patents, MOV-ology spent the last decade developing and commercializing its proprietary Capture® software. Capture® allows businesses to amplify their online lead generation and remarketing capability by capturing data as soon as a customer types it into a web form. Capture® helps businesses stop losing leads to incomplete forms and improve their digital ad spending efficiency. MOV-ology's Recover® and Automated Postcard ReMarketing services pair with Capture® to help businesses convert leads from incomplete or abandoned web forms into sales. *See* https://automatedremarketing.com/. The U.S. Patent and Trademark Office has granted MOV-ology several patents reflecting these innovations, including the asserted patents: U.S. Patent Nos. 9,286,282 ("the 282 patent") and 10,769,358 ("the 358 patent").

    **B.     MOV-ology's Complaint Identified Infringing BigCommerce Functionality**

BigCommerce and others offer systems and software that incorporate MOV-ology's patented inventions without a license to do so. MOV-ology's complaint alleges infringement of the 282 and 358 patents against BigCommerce based on specific identified features of BigCommerce's eCommerce platform. ECF No. 1. The complaint details BigCommerce's infringement by quoting BigCommerce's statements about its service, excerpting BigCommerce's webpages showing the accused functionality and detailing how the functionality operates, all of which provide more than fair notice as to how BigCommerce infringes the asserted patents. *Id.*, ¶¶ 51-64. The generalized, nonspecific nature of BigCommerce's arguments confirm the complaint's adequacy.

### C. BigCommerce Sought And Received Clarity About The Complaint

BigCommerce's motion omits that it sent MOV-ology a letter in late February demanding dismissal of the complaint based on the arguments repeated in its motion: ostensible confusion about which of its one product MOV-ology accuses of infringement. *See generally* Ex. A. In a responsive letter, MOV-ology declined to dismiss and tried to address any earnest confusion:



Ex. B at 1. BigCommerce then moved to dismiss as if this exchange never occurred, confirming that BigCommerce's motion serves a purely tactical purpose more than it reflects any genuine lack of clarity about the scope of accused products and technology in this action.

### D. MOV-ology Serves Detailed Preliminary Infringement Contentions

MOV-ology will serve its preliminary infringement contentions today along with this response, the original un-extended deadline to do so. These preliminary contentions supplement the Complaint by detailing how the accused features and functionality of BigCommerce's platform meet each limitation of the asserted claims. With that, BigCommerce knows exactly what features of its one product meet which elements of the asserted claims of the asserted patents. Its motion is mere obfuscation and should be denied.

### III. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). A well pleaded patent infringement complaint need only allege "enough facts to raise a reasonable expectation that discovery will" uncover evidence supporting its claims. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (internal quotations omitted). Rule 8 thus sets a permissive pleading standard.

This Court and Circuit typically disfavor *Iqbal/Twombly* motions and will not dismiss a claim "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint." *Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019) (internal quotations omitted). "[I]t must appear beyond doubt that the plaintiff can prove no set of facts in support of their claim entitling them to relief." *Id*. MOV-ology's complaint identifies specific aspects of BigCommerce's product accused of infringement and contains ample detail to surpass this threshold pleading standard and show a plausible claim for relief for both asserted patents.[1]

### IV. ARGUMENT

The complaint clears the bar set by Fed. R. Civ. P. 8. BigCommerce argues otherwise. With scattered emphasis omitted here, BigCommerce claims that MOV-ology (1) "rel[ies] solely on legal conclusions masquerading as factual conclusions," (2) "fails to plead direct infringement of the asserted method claim" of the 282 patent, and (3) fails to provide notice of "the infringing

---

[1] MOV-ology would gladly incorporate these claim charts into an amended complaint, and requests leave to so do if deemed necessary by the Court.

—4—

activity, the accused product, [and] how the accused product infringes." ECF No. 22 at 8, 9, 12. When it does not fail on its own terms or misread the complaint, BigCommerce's motion feigns an ignorance of its own business that beggars belief. MOV-ology could have just named the BigCommerce platform as an accused product. But MOV-ology did more. BigCommerce's effort to move the goalposts seeking even more pleading precision should fail. MOV-ology pled sufficient facts to inform BigCommerce what aspects of its platform infringe the asserted patents.

> **A.   The Complaint's Element-By-Element Factual Allegations Supply Ample Notice Of The Accused Product And Its Infringing Functionality**

BigCommerce broadly argues that MOV-ology "does nothing more than *speculate*, relying solely on legal conclusions *masquerading as factual conclusions*." ECF No. 22 at 8 (emphasis in original). For instance, BigCommerce charges that the complaint does not "identify an allegedly infringing product or service with particularity" because it cites to what BigCommerce's counsel—not BigCommerce's website—characterize as "informational webpage[s]." *Id*. BigCommerce concludes from this that it lacks notice of "the infringing activity, the accused product, [and] how the accused product infringes." *Id*. at 22.

Placed in the proper context of BigCommerce's business and the complaint, these arguments hold no water. The complaint need only provide notice of BigCommerce's *infringing activity*, not detail every aspect of BigCommerce's platform. *See Nalco*, 883 F.3d at 1350. The plausibility standard is met when "the plaintiff pleads factual content that allows a court to draw a reasonable inference." *Disc Disease*, 888 F.3d at 1260. MOV-ology has done at least that.

Any confusion about what product MOV-ology accuses of infringement vanishes on a cursory visit to BigCommerce's website, which makes clear BigCommerce has one "Product":



https://www.bigcommerce.com/services/. BigCommerce does not list "Services" separate from its "Product," but as a subheading of its single product. *Id*. The services BigCommerce provides naturally involve how to use its one product: the BigCommerce platform. *Id*. ("Launch Services ¶ The fastest, most efficient way to launch on BigCommerce" [and] "Success Services ¶ Technical and strategic account management"). The websites BigCommerce's motion points to contain less detail about what features and functionality its platform product offers or how they operate. *See generally id.* It does not follow that the Court should penalize MOV-ology, as BigCommerce asks, for not citing more generalized web pages that happen to use the words "product" and "service" in the URL. *See* ECF No. 22 at 5, n.1 (citing https://www.bigcommerce.com/product/; https://www.bigcommerce.com/services/).

Rather than focus on BigCommerce's preferred question—which of its one product[] is accused—the complaint instead identifies specific features of the BigCommerce platform that correspond to the elements of each exemplary claim. MOV-ology does so claim-by-claim, element-by-element. ECF No. 1, ¶¶ 34-41, 51-55. As the image and citations starting on page 8 of the complaint show, BigCommerce touts its platform as including functionality that meets each claim element. *E.g.*, *id*. at 8, ¶ 34 ("BigCommerce offers an ecommerce web hosting platform that stores and operates infringing software: [image] (citing https://www.bigcommerce.com/essentials/features/manage/secure-web-hosting/)). BigCommerce does not appear to argue that MOV-ology has not provided a corresponding allegation of related functionality for any claim element. *See generally* ECF No. 22 at 4-5, 7-11. BigCommerce instead complains, generally, that

"claim elements are pled 'on information and belief' with no reference to a product or service at all." (*Id*. at 4.) Which of BigCommerce's one product could it be?

Far from a failing, MOV-ology's complaint properly uses information and belief pleading in a manner consistent with Fed. R. Civ. P. 8. The complaint supports its allegations of infringement with citations, quotations, and screenshots of BigCommerce's statements or descriptions of specific technical functionality of its one product. *E.g.*, ECF No. 1, ¶ 53 ("BigCommerce's 'WYWISYG' website editor built into its platform displays and allows for the modification of HTML elements and the creation of forms to capture user-entered text entered by a user." (citing and reproducing a screenshot of https://support.bigcommerce.com/s/article/Creating-a-Contact-Form)). MOV-only also provides its corresponding belief—*i.e.*, its reasonable inference from the cited fact. *Id*. ("BigCommerce provides an electronic form comprising at least one hypertext markup language (HTML) element and user-entered text entered by a user."). This is pleading by the book. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("We must also draw all reasonable inferences in the plaintiff's favor." (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)).

The inferences from evidence represented by the allegations in MOV-ology's complaint are reasonable. As BigCommerce notes, the complaint repeatedly cites BigCommerce's description of specific functionality and customer deliverables on its "Conversion Rate Optimization / What are Form Analytics" webpage, among others, to support its beliefs about the functionality of BigCommerce's platform. ECF No. 22 at 4 (citing ECF No. 1, ¶¶ 32, 66). It is reasonable to infer that a company's articles about features of its product reflect how that product actually functions. This is particularly true where, as here, the articles end with a sales pitch for that one product and a claim that the listed features can increase sales conversions:

> Conclusion
>
> Imagine if you could convert even 3% more visitors to customers--how much more revenue would you have? Form analytics help you unlock the invaluable data living in the experience surrounding your forms.

> Ready to see what BigCommerce can do for your business?
>
> **START YOUR FREE TRIAL**
>
> High-volume or established business? **Request a demo**

https://www.bigcommerce.com/ecommerce-answers/what-are-form-analytics/. It follows from context that part of "what BigCommerce can do for your business" includes the contents described immediately above: Conversion Rate Optimization and Form Analytics, and the specific features and deliverables cited in the complaint. *Id.*

MOV-ology does not even rely solely on these websites and their context alone. Rather, MOV-ology further shows examples of the specific identified functionality in the wild, as it were. *E.g.*, ECF No. 1 at 22, ¶ 56 ("BigCommerce's 'Analytics.min.js' script supporting its form analytics functionality performs a check to return the protocol of a webpage."), ¶ 57 ("BigCommerce webpages contain 'bcanalytics' functions such as 'trackForm,' 'trackClick,' and 'trackSubmit' that correspond to commands such as 'createElement('script')' that involve the writing of script tags").[2] By doing so for each element, MOV-ology exceeds the pleading requirements and put BigCommerce of notice of how it infringes. *See Frac Shack*, 2019 U.S. Dist.

---

[2] These allegations do not appear in BigCommerce's Exhibit 1, which BigCommerce incorrectly claims "reproduce[s] MOV-ology's allegations on a claim-element-by-claim-element basis." ECF No. 22 at 3. Only MOV-ology's as-filed complaint contains a complete record of its allegations. *Compare* ECF No. 1, ¶ 56, *with* ECF No. 22-1 at 2 (citing ECF No. 1, ¶ 56)).

—8—

LEXIS 141118, at *10 ("The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits.").

When the allegations of the complaint are fairly considered, there is no basis to dismiss.

### B. MOV-ology Properly Alleges Direct Infringement Of The 358 Patent

BigCommerce also argues that "MOV-ology's complaint fails to plead direct infringement of the asserted method claim." ECF No. 22 at 5. Citing an entire section of the complaint, BigCommerce argues that MOV-ology "acknowledges that Defendants do not perform each and every step of the claimed method." *Id*. at 6 (citing ECF No. 1, ¶¶ 52-61). This argument misreads MOV-ology's allegations, which focus on BigCommerce's systems and software running on or hosted by its systems in carrying out the claimed method or supplying the software that carries out the method. *See, e.g.*, ECF No. 1, ¶ 51 ("BigCommerce offers an ecommerce web hosting platform that stores and operates infringing software."); *see also Centillion Data Sys., LLC v. Qwest Communs. Int'l*, 631 F.3d 1279, 1284 (Fed. Cir. 2011) ("We hold that to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." (citing *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005))).

MOV-ology *does* allege that *some* of the infringing software run on BigCommerce's servers comes from BigCommerce's integrated application partners and that supplied software may "also supply functionality" that meets the claim elements. *E.g.*, ECF No. 1, ¶ 52 ("BigCommerce supplies or hosts software . . . BigCommerce webpages contain HTML content supplied by BigCommerce or its integrated application partners that monitors a user's activity on a webpage and monitors events, including clicks and idle time."). But none of the allegations generally cited by BigCommerce as involving action by the integrated application partners for infringement *require* action by them for infringement to occur. *Id*., ¶¶ 52-61. Even if software is

first written by such integrated application partners, the complaint accuses use of the software that carries out the method from BigCommerce's servers and provisioning of the software from those same servers. *See, e.g., id.*, ¶ 60 ("BigCommerce uses, supplies, or hosts software that stores contact profile information that comprises at least a portion of the user-entered text obtained from the incomplete electronic form and at least a portion of the additional information about the user obtained from the one or more databases."). These allegations are enough to plead direct infringement of a method claim reliant on software and should not be dismissed. *See, e.g., Clear with Computs., LLC v. Hyundai Motor Am., Inc.*, No. 6:09-cv-479, 2011 U.S. Dist. LEXIS 65315, at *9 (E.D. Tex. June 14, 2011) (holding evidence related to divided infringement unnecessary and granting summary judgment for patentee where the "claims do not require user actions").

### C. Leave To Amend Would Be More Appropriate Relief Than Dismissal

If the Court finds any merit in BigCommerce's motion, MOV-ology asks that the Court issue alternative relief in the form of an order granting MOV-ology leave to amend, including to incorporate the preliminary infringement contentions served on the date of this response brief. Such relief would be warranted here, where MOV-ology has already made a good-faith effort to provide detailed pleadings, provided additional information to BigCommerce about the complaint before BigCommerce filed its motion, and timely served preliminary infringement contentions. *See, e.g., Barbarene-Rovira v. Kuiper Dairy*, No. 6-20-cv-00250-ADA, 2020 U.S. Dist. LEXIS 256793, at *7 (W.D. Tex. Aug. 6, 2020) (granting leave to amend absent a showing of prejudice).

### V. CONCLUSION

MOV-ology requests that the Court deny BigCommerce's motion or, in the alternative, grant MOV-ology leave to amend.

Respectfully submitted,

Dated: April 14, 2022

By: */s/ Patrick A. Fitch*
Karl Rupp
State Bar No. 24035243
 krupp@soreylaw.com
SOREY & HOOVER LLP
100 North Sixth Street, Suite 502
Waco, Texas 76701
Telephone: 903-230-5600

Robert R. Brunelli (admitted *pro hac vice*)
 rbrunelli@sheridanross.com
Matthew C. Holohan (admitted *pro hac vice*)
 mholohan@sheridanross.com
Patrick A. Fitch (admitted *pro hac vice*)
 pfitch@sheridanross.com
Alex W. Ruge (admitted *pro hac vice*)
 aruge@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303-863-9700
Facsimile:  303-863-0223
litigation@sheridanross.com

*Attorneys for Plaintiff MOV-ology LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 14, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

The undersigned further certifies that on April 14, 2022, this document was served via e-mail on all counsel of record pursuant to the Court's Electronic Filing Procedures.

By: */s/ Lori R. Brown*
Lori R. Brown
Paralegal
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

*Attorneys for Plaintiff MOV-ology LLC*