IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOV-OLOGY LLC<br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIGCOMMERCE HOLDINGS, INC.,<br>BIGCOMMERCE PTY. LTD., and<br>BIGCOMMERCE, INC.,<br>　　　　　Defendants. | 6:22-cv-00084-ADA |

**OPINION AND ORDER DENYING DEFENDANT'S
<u>MOTION TO TRANSFER VENUE</u>**

Come on for consideration is the Motion to Transfer Venue to the Northern District of California ("NDCA") filed by Defendants BigCommerce Holdings, Inc., BigCommerce Pty. Ltd., and BigCommerce, Inc. (collectively "BigCommerce" or "Defendants") on March 31, 2022. ECF No. 23. (the "Motion"). Plaintiff MOV-ology LLC ("MOV-ology" or "Plaintiff") filed an opposition on June 23, 2022, ECF No. 33, to which BigCommerce replied on July 7, 2022, ECF No. 36. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **DENIES** BigCommerce's Motion to Transfer Venue.

**I. BACKGROUND**

On January 21, 2022, MOV-ology brought this action against BigCommerce, accusing the BigCommerce platform's functionality, applications, software, and services of infringing U.S. Patent Nos. 9,286,282 (the "'282 patent") and 10,769,358 (the "'358 patent") (collectively the "Asserted Patents"). ECF No. 1. The Asserted Patents describe systems and methods that collect data from website visitors that have abandoned electronic forms and then later utilize that data to remarket to the lost customers. *See* '282 patent at 1:37–40; '358 patent at 1:37–40 ("System and

1

methods are disclosed to retrieve data from partially completed electronic forms and use the retrieved data to identify the consumer who accessed the electronic form").

MOV-ology is a Delaware LLC with offices in Anaheim California. ECF No. 1 ¶ 7. BigCommerce Holdings, Inc. is a Delaware holding corporation. ECF No. 36 at 1. BigCommerce, Inc. is a Texas corporation with offices in both Austin, Texas and San Francisco, California. ECF No. 23-1 ¶ 6. BigCommerce Pty. Ltd is an Australian Company with an office in Sidney, Australia. *Id*. ¶ 7.

## II. LEGAL STANDARD

In patent cases, motions to transfer under § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the [transfer] destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). In an action with multiple defendants, "venue and jurisdiction requirements must be met as to each defendant." *Magnacoustics Inc. v. Resonance Tech Co.*, No. 97-1247, 1997 U.S. App. LEXIS 26498, at *3-4 (Fed. Cir. Sept. 25, 1997).

If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th

Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. A court should not deny transfer where "only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is *clearly* more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. While "clearly more convenient" is not explicitly equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III. ANALYSIS

**A.  This Action Could Not Have Been Brought in the Northern District of California**

Section 1400(b) of title 28 of the United States Code "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks omitted). A claim for patent

infringement must be brought "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017)*.* Failure to satisfy any statutory requirement requires a finding of improper venue. *Id.*

1. <u>BigCommerce Holdings, Inc. does not 'reside' in the NDCA</u>

BigCommerce Holdings, Inc. ("Holdings") is a Delaware Corporation and resides in Delaware for purposes of venue. Holdings lacks venue in California under the first prong of U.S.C. 28 § 1400(b). Therefore, the determination rests upon the Courts analysis of the second prong.

2. <u>BigCommerce Holdings, Inc. does not meet any of the requirements to have a "regular and established place of business" in California</u>

According to Defendants, BigCommerce Holdings, Inc. is a "a non-operating entity, with no employees, products, or assets." ECF No. 36 at 1; ECF No. 33 at 3 (citing deposition). Defendants admit that "Holdings is a Delaware holding corporation with no real estate, employees, or lease agreements" and that "Holdings conducts no business, regular or otherwise . . . anywhere." ECF No. 36 at 1. Therefore, under the *Cray* factors, (1) Holdings has no physical location at all,

much less in the NDCA; (2) Holdings lacks any regular business (or "operations") in the NDCA and (3) NDCA is not a place of Holdings. Any three of these is fatal to transfer; therefore, all of them are also fatal.

Defendants argue that these facts are not fatal because Holdings "is an irrelevant party." *Id.* Regardless of whether Holdings may ultimately have liability for patent infringement, the transfer analysis above still controls.

Defendants did not file a motion to either sever or dismiss Holdings as a defendant on the grounds that Holdings is irrelevant to this case. A motion to dismiss the Defendants on general grounds is pending. ECF No. 22. Without first severing or dismissing Holdings, the Court will not find that Holdings is an irrelevant party for purposes of venue analysis. In an action with multiple defendants, "venue and jurisdiction requirements must be met as to each defendant." *Magnacoustics*, 1997 U.S. App. LEXIS 26498, at *3-4. Defendants did not provide any case law allowing the Court to ignore Holdings in the transfer analysis.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is **DENIED**.

SIGNED this 16th day of September, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE