IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOV-OLOGY LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>BIGCOMMERCE HOLDINGS, INC., BIGCOMMERCE, INC., and BIGCOMMERCE PTY. LTD.,<br><br>    *Defendants*. | Civil Action No: 6:22-cv-00084-ADA<br><br>PATENT CASE |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
TO SUPPLEMENT THEIR FINAL INVALIDITY CONTENTIONS**

Defendants BigCommerce Holdings, Inc., BigCommerce, Inc., and BigCommerce Pty. Ltd. (collectively, "Defendants") respectfully move for leave to amend their final invalidity contentions. Specifically, Defendants seek to amend their invalidity contentions to include their abandoned cart saver functionality. Good cause supports this motion because fact discovery is ongoing and the supplements are based on information relevant to the validity of Plaintiff MOV-ology LLC's ("MOV-ology") patents-in-suit. MOV-ology does not oppose this motion.

I.  **FACTUAL BACKGROUND**

Defendants learned for the first time with the service of Plaintiff MOV-ology LLC's ("MOV-ology") final infringement contentions on December 2, 2022 that Defendants' abandoned cart saver functionality was implicated in MOV-ology's allegations of infringement. Ex. A (Ellis Decl.) at ¶ 3. Accordingly, Defendants diligently began investigating the accused functionality. *Id.* at ¶ 4. Defendants notified MOV-ology's counsel on February 8, 2023, that per the Court's Standing Order Governing Proceedings, Defendants intended to seek leave to serve supplemental

invalidity contentions, and also provided MOV-ology with drafts of the proposed supplemental invalidity contentions. *Id*. at ¶¶ 5. On February 16, MOV-ology confirmed that it did not oppose the proposed amendments or this motion for leave. *Id*. at ¶ 6. Fact discovery does not close until April 27, 2023. *See* Dkt. 32.

## II.     LEGAL STANDARD

A party may amend its final invalidity contentions if good cause exists and with leave of Court. *See* Fed. R. Civ. P. 16(b)(4); *see MV3 Partners LLC v. Roku, Inc*., No. 6:18-CV-00308ADA (W.D. Tex. Mar. 23, 2020), ECF 146. To determine whether good cause exists, courts consider four factors: (1) the movant's explanation for seeking amendment after any applicable deadline; (2) the importance of the proposed amendment; (3) the potential prejudice to the nonmovant if the amendment is permitted; and (4) the availability of a continuance to cure the prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir. 2003). The absence of prejudice, by itself, can support granting leave. *E.g., In re Papst Licensing GMBH & Co. KG Patent Litig*., 279 F. Supp. 3d 28, 37 (D.D.C. 2017); *see also Kinetic Concepts, Inc. v. BlueSky Med. Corp*., No. SA-08-CV-102-RF, 2009 WL 10664413, at *2–3 (W.D. Tex. Dec. 21, 2009).

## III.    ARGUMENT

Defendants seek leave to supplement their final invalidity contentions with their own prior art that was not previously known to be an accused instrumentality. Defendants were prompt in informing MOV-ology of their intent to supplement their invalidity contentions. A supplement, which MOV-ology does not oppose, would not cause undue prejudice to MOV-ology. Defendants, on the other hand, would suffer great prejudice if supplementation were not permitted. Because fact discovery does not close until April 27, 2023, and opening expert reports are not due until May 4, 2023, the Court's grant of leave to supplement invalidity contentions would not affect any deadline in this case.

IV. **CONCLUSION**

Defendants respectfully request that the Court grant their Motion for Leave to Amend their Invalidity Contentions.

February 27, 2023    **FISH & RICHARDSON P.C.**

<u>/s/ Michael R. Ellis</u>
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Lance E. Wyatt
Texas Bar No. 24093397
wyatt@fr.com
Michael R. Ellis
Texas Bar No. 24102726
ellis@fr.com
Ashu N. Balimba
Texas Bar No. 24099369
balimba@fr.com

1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: 214-747-5070
Fax: 214-747-2091

*Attorneys for Defendants*
*BigCommerce Holdings, Inc.,*
*BigCommerce, Inc., and*
*BigCommerce Pty. Ltd.*

**CERTIFICATE OF CONFERNCE**

I certify that between February 8 and February 16, 2023, counsel for Defendants, Michael Ellis, conferred with counsel for Plaintiff, Patrick Fitch, by e-mail regarding the foregoing Motion for Leave. Plaintiff's counsel confirmed via e-mail on February 16, 2023, that Plaintiff was unopposed to Defendants' Motion for Leave.

*/s/ Michael R. Ellis*
Michael R. Ellis

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2023, the foregoing document is being served on all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michael R. Ellis*
Michael R. Ellis
